UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| P & S X-RAY Co., INC. d/b/a MEDICAL IMAGING SYSTEMS,<br>　　　　　　　　　Plaintiff<br>　　v.<br>HOLOGIC, INC., et al.<br>　　　　　　　　　Defendants | Civil Action No.<br>1:04-CV-11239-RGS |

HOLOGIC, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

Unless specifically admitted below, Defendant Hologic, Inc. ("Hologic") denies all material averments and allegations set forth in Plaintiff's Amended Complaint and demands strict proof thereof. Further answering the Amended Complaint, Hologic states as follows:

1.　　It is admitted that MIS is a distributor of mammography equipment and that Hologic is a manufacturer of mammography equipment. The remainder of the allegations contained in Paragraph 1 of the Amended Complaint are denied. Defendant further pleads that the distribution agreement, entered into on or about October 1, 2001 by Hologic and MIS, speaks for itself as to its terms and is the best evidence of its contents.

2.　　The allegations contained within Paragraph 2 of the Amended Complaint are denied.

3.　　The allegations contained within Paragraph 3 of the Amended Complaint are denied.

4.　　In response to Paragraph 4 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 3 as if fully restated herein.

5.　　The allegations contained within Paragraph 5 of the Amended Complaint are admitted.

6. To the extent that Paragraph 6 of the Amended Complaint alleges that venue is proper in United States District Court for the Northern District of Alabama, that allegation is denied. It is admitted that venue is proper in this Court.

7. In response to Paragraph 7 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 6 as if fully restated herein.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint, and therefore denies them.

9. The allegations contained within Paragraph 9 of the Amended Complaint are admitted.

10. In response to Paragraph 10 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 9 as if fully restated herein.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint, and therefore denies them. Defendant further pleads that the agreement referred to in this Paragraph speaks for itself as to its terms and is the best evidence of its contents.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint, and therefore denies them. Defendant further pleads that the agreements and writings referred to in this Paragraph speak for themselves as to their terms and are the best evidence of their contents.

13. The allegations contained within Paragraph 13 of the Amended Complaint are admitted.

14. It is admitted that in 2001, MIS and Hologic entered into a written distribution agreement for the fiscal year ending on September 30, 2002. Defendant pleads that the agreement referred to in Paragraph 14 speaks for itself as to its terms and is the best evidence of its contents.

15. Defendant pleads that the agreement referred to in Paragraph 15 speaks for itself as to its terms and is the best evidence of its contents.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint, and therefore denies them.

17. The allegations contained within Paragraph 17 of the Amended Complaint are denied.

18. The allegations contained within Paragraph 18 of the Amended Complaint are denied.

19. The allegations contained within Paragraph 19 of the Amended Complaint are denied.

20. The allegations contained within Paragraph 20 of the Amended Complaint are denied.

21. The allegations contained within Paragraph 21 of the Amended Complaint are denied.

22. It is admitted only that Hologic at all times honored whatever obligations it had to MIS. The remaining allegations contained within Paragraph 22 of the Amended Complaint are denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint to the extent that they relate to the actions of MIS, and therefore denies them. The remainder of the allegations contained in this Paragraph are denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint to the extent that they relate to the actions of MIS, and therefore denies them. The remainder of the allegations contained in this Paragraph are denied.

25. It is admitted that, until approximately November 7, 2003, Hologic's Lorad account manager worked with MIS. The remainder of the allegations contained within Paragraph 25 of the Amended Complaint are denied.

26. It is admitted only that Hologic at all times honored whatever obligations it had to MIS. The remaining allegations contained within Paragraph 26 of the Amended Complaint are denied.

27. It is admitted only that Hologic at all times honored whatever obligations it had to MIS. The remaining allegations contained within Paragraph 27 of the Amended Complaint are denied.

28. It is denied that Hologic made "demands" that MIS send its personnel to Lorad training classes furnished by Hologic. It is admitted that MIS attended such classes prior to October 31, 2003.

29. The allegations of sub-paragraph (d) are denied as stated. With respect to that sub-paragraph, it is admitted only that Hologic got the right to offer MRS products to healthcare facilities using or purchasing Hologic's line of screen-film and digital mammography systems.

30. The allegations contained within Paragraph 30 of the Amended Complaint are denied.

31. It is admitted that Brian Hilgers sent an email to Marc Shaefer on November 7 2003. Defendant pleads that the email referred to in Paragraph 31 speaks for itself and is the best evidence of its contents.

32. It is admitted that Brian Hilgers and Roger Mills had a conference call with Marc Schaefer during which Mr. Hilgers and Mr. Mills informed Schaefer that Hologic was going to a direct sales force in MIS' area. The remainder of the allegations contained in Paragraph 32 of the Amended Complaint are denied.

33. It is admitted that Hologic did not inform MIS that "its purpose for terminating the exclusive distributorship agreement was related to Hologic's contemporaneous acquisition of significant distribution rights to mammography-related products of other manufacturers, and to Hologic's desire to undercut MIS from profiting therefrom as a distributor." All material allegations regarding Hologic contained in the portion of Paragraph 33 quoted herein are denied.

34. The allegations contained within Paragraph 34 of the Amended Complaint are denied.

35. The allegations contained within Paragraph 35 of the Amended Complaint are denied.

36. The allegations contained within Paragraph 36 of the Amended Complaint are denied.

37. It is admitted that MIS sent a letter to Mr. Hilgers on or about November 10, 2003. Defendant pleads that the letter referred to in Paragraph 37 speaks for itself and is the best evidence of its contents.

38. It is admitted that Mr. Muir sent a letter to MIS on or about November 21, 2003. Defendant pleads that the letter referred to in Paragraph 38 speaks for itself and is the best evidence of its contents.

39. Defendant pleads that the letter referred to in Paragraph 39 speaks for itself and is the best evidence of its contents.

40. The allegations contained within Paragraph 40 of the Amended Complaint are denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint, and therefore denies them.

42. The allegations contained within Paragraph 42 of the Amended Complaint are denied.

43. Defendant pleads that the email referred to in Paragraph 43 speaks for itself and is the best evidence of its contents and the date of its transmission.

44. Defendant pleads that the letter referred to in Paragraph 44 speaks for itself and is the best evidence of its contents and the date of its transmission.

45. Defendant pleads that the email referred to in Paragraph 45 speaks for itself and is the best evidence of its contents and the date of its transmission.

46. Defendant pleads that the letter referred to in Paragraph 46 speaks for itself and is the best evidence of its contents and the date of its transmission.

47. The allegations contained within Paragraph 47 of the Amended Complaint are denied. Defendant further pleads that the letters referred to in this Paragraph speak for themselves and are the best evidence of their contents.

48.     It is admitted that Robert Cascella, Hologic's Chief Operating Officer, sent a letter to MIS on or about January 27, 2004. Defendant pleads that the letter referred to in Paragraph 48 speaks for itself and is the best evidence of its contents. Defendant further pleads that, pursuant to FED. R. EVID. 408, evidence of furnishing or offering or promising to furnish a valuable consideration in compromising, or attempting to compromise, a claim is not admissible to prove liability. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

49.     The allegations contained within Paragraph 49 of the Amended Complaint are denied.

50.     The allegations contained within Paragraph 50 of the Amended Complaint are denied.

51.     The allegations contained within Paragraph 51 of the Amended Complaint are denied.

52.     In response to Paragraph 52 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 51 as if fully restated herein.

53.     The allegations contained within Paragraph 53 of the Amended Complaint are denied.

54.     Paragraph 54 of the Amended Complaint states a legal conclusion of the pleader to which no response is required; however, to the extent that this Paragraph contains allegations of fact, those allegations are denied.

55.     The allegations contained within Paragraph 55 of the Amended Complaint are denied.

56. The allegations contained within Paragraph 56 of the Amended Complaint are denied.

57. The allegations contained within Paragraph 57 of the Amended Complaint are denied.

58. The allegations contained within Paragraph 58 of the Amended Complaint are denied.

59. The allegations contained within Paragraph 59 of the Amended Complaint are denied.

60. The allegations contained within Paragraph 60 of the Amended Complaint are denied.

61. The allegations contained within Paragraph 61 of the Amended Complaint are denied.

62. The allegations contained within Paragraph 62 of the Amended Complaint are denied.

63. The allegations contained within Paragraph 63 of the Amended Complaint are denied.

64. The allegations contained within Paragraph 64 of the Amended Complaint are denied.

65. The allegations contained within Paragraph 65 of the Amended Complaint are denied.

66. The allegations contained within Paragraph 66 of the Amended Complaint are denied.

67. In response to Paragraph 67 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 66 as if fully restated herein.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Amended Complaint, and therefore denies them.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Amended Complaint, and therefore denies them.

70. The allegations contained within Paragraph 70 of the Amended Complaint are denied.

71. The allegations contained within Paragraph 71 of the Amended Complaint are denied.

72. The allegations contained within Paragraph 72 of the Amended Complaint are denied.

73. The allegations contained within Paragraph 73 of the Amended Complaint are denied.

74. The allegations contained within Paragraph 74 of the Amended Complaint are denied.

75. The allegations contained within Paragraph 75 of the Amended Complaint are denied.

76. The allegations contained within Paragraph 76 of the Amended Complaint are denied.

77. The allegations contained within Paragraph 77 of the Amended Complaint are denied.

78. The allegations contained within Paragraph 78 of the Amended Complaint are denied.

79. In response to Paragraph 79 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 78 as if fully restated herein.

80. The allegations contained within Paragraph 80 of the Amended Complaint are denied.

81. The allegations contained within Paragraph 81 of the Amended Complaint are denied.

82. The allegations contained within Paragraph 82 of the Amended Complaint are denied.

83. The allegations contained within Paragraph 83 of the Amended Complaint are denied.

84. The allegations contained within Paragraph 84 of the Amended Complaint are denied.

85. The allegations contained within Paragraph 85 of the Amended Complaint are denied.

86. In response to Paragraph 86 of the Amended Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 85 as if fully restated herein.

87. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Amended Complaint, and therefore denies them.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Amended Complaint, and therefore denies them.

89. The allegations contained within Paragraph 89 of the Amended Complaint are denied.

90. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Amended Complaint, and therefore denies them.

91. The allegations contained within Paragraph 91 of the Amended Complaint are denied.

92. The allegations contained within Paragraph 92 of the Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff is entitled to any relief whatsoever.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against Defendants are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against Defendant are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against Defendant are barred, in whole or in part, by the doctrine(s) of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against Defendant are barred, in whole or in part, by the doctrine(s) of laches and/or delay.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against Defendant are barred, in whole or in part, by the statute of frauds.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against Defendant are barred, in whole or in part, by the Parol Evidence Rule.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited to the extent it has failed or refused to mitigate its damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged or sustained any actual damages that were caused by Defendant or for which Defendant is liable.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action are barred, in whole or in part, because there has been a failure of consideration.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action are barred, in whole or in part, because there has been a prior material breach by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against Defendant are barred, in whole or in part, by the doctrine of release.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and causes of action against Defendant are barred, in whole or in part, by the doctrine of rescission.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which punitive damages can be recovered.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate Defendant's rights under the United States Constitution, the Constitution of the State of Alabama, and the Constitution of the Commonwealth of Massachusetts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants incorporate by reference all defenses made available under any applicable statutory and common law relating to limitations on punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

The distribution agreement entered into by Hologic and MIS on or about October 1, 2001, which expired on October 1, 2002, contains a provision regarding its governing law and the parties' choice of forum:

> The parties hereby specifically agree that this Agreement shall be governed by and shall be subject to the procedural and substantive laws of the Commonwealth of Massachusetts excluding its conflict of laws provisions and the United Nations Convention for the International Sale of Goods. Any action relating to this Agreement, the parties' relationship, or goods or services provided, purchased or licensed hereunder, shall be brought and tried in the state or federal courts residing in the Commonwealth of Massachusetts.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant pleads that no distribution agreement has been entered into by Hologic and MIS since October 1, 2002, when the distribution agreement entered into by Hologic and MIS on October 1, 2001 expired.

HOLOGIC, INC.,

By its Attorneys,

_/s/ Greg Arnold_
M. Frederick Pritzker, Esquire
Gregory T. Arnold, Esquire
BROWN RUDNICK BERLACK ISRAELS, LLP
One Financial Center
Boston, MA 02111
Tel (617) 856-8200
Fax (617) 856-8201

Dated: September 8, 2004

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served upon the following counsel of record by United States mail on September 8, 2004:

Mr. J. Gusty Yearout
Ms. Carol R. Lambeth
Yearout & Traylor, P.C.
800 Shades Creek Parkway
Suite 500
Birmingham, Alabama 35209

_____
Gregory T. Arnold

#1297348 v\1 - arnoldgt - rt1g01!.doc: - 11648/45